UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| DONALD MCBROOM AND CARLANN MCBROOM, | § § § |
| *PLAINTIFFS*, | § § |
| VS. | §  CIVIL ACTION NO. _____ |
| | § |
| LIVELY TRANSPORTATION LLC, AND THOMAS PETE LIVELY d/b/a LIVELY TRANSPORTATION | § § § § |
| *DEFENDANTS*. | § § |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs Donald McBroom and Carlann McBroom, in the above-styled and numbered cause, complaining of Defendants Lively Transportation LLC and Thomas Pete Lively d/b/a Lively Transportation, and for their cause of action would respectfully show this Court the following:

**I.     PARTIES - PLAINTIFF**

1.1     Plaintiffs Donald McBroom and Carlann McBroom are residents of Texas.

**II.     PARTIES - DEFENDANTS**

2.1     Defendant Lively Transportation LLC is a foreign for-profit corporation, incorporated in and with its principal place of business in Maryland.  Defendant Lively Transportation LLC can be served through its registered agent – Thomas Lively, 325 Riverview Trail, Annapolis, Maryland, 21401.

2.2     Defendant Thomas Pete Lively d/b/a Lively Transportation is an individual and/or sole proprietor residing in Maryland, and he can be served at his residence – 325 Riverview Trail, Annapolis, Maryland, 21401, or wherever he may be found.

### III.     VENUE AND JURISDICTION

3.1     This Court has jurisdiction pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division, as explained herein.

3.2     This Court has jurisdiction over this cause of action because complete diversity exists among the parties as defined by 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.3     This Court has personal jurisdiction over Defendants because they committed a tort in Texas, as explained herein.

### IV.     FACTS

4.1     On May 7, 2021, Plaintiff Donald McBroom was operating a 2019 Dodge Ram pickup with Plaintiff Carlann McBroom riding in the front passenger seat.

4.2     On May 7, 2021, Defendant Thomas Lively was operating a 2012 Peterbilt tractor pulling a 2021 trailer.

4.3     Both Plaintiffs and Defendant were traveling westbound on Interstate 30 through Arkansas and into the State of Texas.

4.4     While Plaintiffs were traveling west on Interstate 30 at or near mile marker 68 in Clark County, Arkansas, Defendant Lively began to drive erratically and was noticeably swerving across the highway.

4.5     Defendant Lively began taunting Plaintiffs through aggressive and intimidating driving, and he also repeatedly "flipped off" Plaintiff Carlann McBroom.

4.6     As he was taunting Plaintiffs, Defendant Lively positioned his vehicle behind the Plaintiffs and then proceeded to ram their vehicle on at least two occasions.

4.7     Plaintiffs contacted police who made a report in Arkansas. The authorities in Arkansas suggested Plaintiff Donald McBroom contact the Texas Department of Public Safety (DPS) as Defendant Lively was heading in that direction and posed a threat to other motorists.

4.8     Plaintiff Donald McBroom was on the phone with Texas DPS as he entered Texas.

4.9     Plaintiffs ultimately met with Texas DPS as they were arresting Defendant Lively.

4.10    Defendant Lively smelled of alcohol, admitted to police he had been drinking, and had open alcohol containers in his vehicle.

4.11    Texas DPS arrested Defendant Lively.

4.12    As a result of the incident, Defendant Lively was charged with driving while intoxicated with a blood alcohol concentration (BAC) over .15 percent.

4.13    At all material times, Defendant Lively was in the course and scope of his employment and/or was an agent of Lively Transportation.

4.13    As a result of the incident, Plaintiffs Donald and Carlann McBroom suffered serious physical and mental injuries. More specifically, Plaintiff Carlann McBroom suffers from a neurological condition that is directly impacted by trauma. The acts and omissions of Defendant Lively on May 7, 2021 have greatly exacerbated Plaintiff Carlann McBroom's neurological condition.

## V. NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT THOMAS LIVELY d/b/a LIVELY TRANSPORT

5.1     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendant, Thomas Lively, who operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects – driving while intoxicated; failing to maintain a single lane of travel; failing to maintain a safe following distance; and failing to timely apply his brakes to avoid a collision.

5.2     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, proximately caused the collision and injuries and other losses as specifically set forth herein.

5.3     The acts and/or omissions by Defendant outlined in this petition constitute gross negligence as that term is defined in Section 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.  More specifically, Defendant Lively was driving while intoxicated at nearly double the legal limit. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

5.4     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes gross negligence, proximately caused the collision and injuries and other losses as specifically set forth herein.

## VI.   CAUSES OF ACTION AGAINST DEFENDANT LIVELY TRANSPORTATION, LLC

### A.   *RESPONDEAT SUPERIOR*

6.1   At all times material hereto, all the agents, servants, and/or employees for Defendant Lively Transportation, including but not limited to Defendant Thomas Lively, who related to the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant Lively Transportation is liable for the negligent acts and omissions of their employees under the doctrine of *Respondent Superior*.

6.2   Each and all the acts and or omissions of the agents, servants, and/or employees for Defendant described in this petition constituted negligence and were each and all a proximate cause of the incident which forms the basis of this suit and was a proximate cause of Plaintiff's injuries and damages.

### B.   NEGLIGENCE OF DEFENDANT LIVELY TRANSPORTATION, LLC

6.3   Defendant Lively Transportation, LLC was, at relevant times, a motor carrier. As such, Defendant Lively Transportation had a duty to ensure that its drivers, including but not limited to Defendant Thomas Lively, were adequately trained on operating 18-wheelers.

6.4   Defendant Lively Transportation, LLC failed to properly train or supervise its employees, including Defendant Thomas Lively, on not driving while intoxicated; on how to maintain a single lane of travel; on how to maintain a safe following distance; and on how to timely apply his brakes to avoid a collision.

6.5   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes gross negligence, proximately caused the collision and injuries and other losses as specifically set forth herein.

### C.  GROSS NEGLIGENCE

6.6  Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

6.7  The acts and/or omissions by Defendant outlined in this petition constitute gross negligence as that term is defined in Section 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

### VII.  DAMAGES

7.1  Plaintiffs adopt and re-allege each paragraph above as if set forth herein.

7.2  As a direct and proximate result of the incident, injuries, and damages for which Defendants are liable, Plaintiffs seek and are entitled to all legally compensable damages as permitted by Texas law and all such other damages, at law or in equity, to which they may be entitled.

7.3  Plaintiffs seek and are entitled to damages recoverable under Texas law that are a proximate result of the subject incident, which specifically include but are not necessarily limited to compensation as determined by the jury for his:

  a. Past and future conscious physical pain and mental anguish;

  b. Past and future medical expenses, including the expenses that in reasonable probability will be incurred in the future;

    c. Past and future physical impairment;

    d. Past and future disfigurement;

    e. Medical bills incurred in the past;

    f. Medical bills, that in reasonable probability, that will be incurred in the future; and

    g. Exemplary damages.

7.4    Plaintiffs also affirmatively plead that the conduct of Mr. Lively constitutes a "cap buster" under Texas law. More specifically, under Tex. Civ. Prac. & Rem. Code 41.008, intoxication assault is exempt from any cap on punitive damages.

7.5    Plaintiffs also requests that the Court award prejudgment and post-judgment interest in accordance with the prevailing rates of interest under Texas law.

7.6    The damages sought are greatly in excess of the minimum jurisdictional limits of this Court, as the jury determines to be just and fair.

## VIII.   PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## IX.   JURY DEMAND

9.1    Plaintiff hereby requests a jury trial on all issues of fact. The necessary jury fee has been paid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein, that this case be set for trial before a jury, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants jointly and severally, for the actual, compensatory, and punitive damages as the evidence may show and the jury may determine

to be proper, together with the costs of suit, prejudgment interest, post-judgment interest, and such other and further relief to which Plaintiffs may in law or in equity show themselves to be justly entitled.

                                        Respectfully submitted,

                                        **CESAR ORNELAS LAW, PLLC**

By:              _____
                                        Jeffrey H. Richter
                                        Texas State Bar No. 24061614
                                        Fed. ID. 1794395
                                        jrichter@oinjurylaw.com
                                        11459 Huebner Road
                                        San Antonio, Texas 78230
                                        Phone: (210) 957-2103
                                        Fax: (888) 342-8033

                                        **ATTORNEYS FOR PLAINTIFFS**