UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| DONALD McBROOM and CARLANN McBROOM | § § § |
| v. | § Case No. 5:23-cv-00023-RWS-JBB § |
| LIVELY TRANSPORTATION, LLC and THOMAS PETE LIVELY | § § § |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The following motion is before the Court:

**Defendants' Second Amended Motion to Dismiss (Dkt. No. 24).**

The Court, having reviewed the relevant briefing, recommends the Rule 12(b)(1) motion be **GRANTED** and that Plaintiffs' above-entitled and numbered cause of action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On March 9, 2023, Donald McBroom and Carlann McBroom ("Plaintiffs") filed the above-entitled and numbered cause of action against Lively Transportation, LLC and Thomas Pete Lively d/b/a Lively Transportation ("Defendants"). Plaintiffs' cause of action is based on an alleged event which Plaintiffs claim occurred on Interstate 30 at or near mile marker 68 in Clark County, Arkansas, wherein Lively taunted Plaintiffs through aggressive and intimidating driving, positioned his vehicle behind Plaintiffs' vehicle, and then proceeded to ram Plaintiffs' vehicle on at least two occasions. Dkt. No. 1, ¶¶ 4.4 – 4.6. Plaintiffs' complaint alleges negligence and gross

1

negligence and seeks damages, specifically including physical and mental injuries, medical expenses, and physical pain and impairment. *Id*., ¶¶ 4.3, 7.3.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants request the Court dismiss this case for lack of subject matter jurisdiction because Defendant Lively was a resident of Texas when the case was filed and is currently a Bowie County, Texas resident, destroying complete diversity. Dkt. No. 24. After being ordered to do so, Plaintiffs filed a response to Defendants' motion. Dkt. No. 26.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having "only the authority endowed by the Constitution and that conferred by Congress." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Article III of the Constitution bestows jurisdiction in federal courts over "[c]ases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." This grant is the basis for "federal question" jurisdiction. In addition to federal question jurisdiction, federal district courts have subject matter jurisdiction over actions between citizens of different states where the amount in controversy is greater than $75,000, excluding interest and costs. 28 U.S.C. § 1332(a).

"The federal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737 (1995); *see also Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). The parties can never consent to subject matter jurisdiction, and lack of jurisdiction is a defense which cannot be waived. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Subject matter

jurisdiction must be determined before the court addresses other grounds for dismissal. *See Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 220 (5th Cir.), *cert. granted*, 525 U.S. 1039 (1998).

The court's dismissal of a case for lack of subject matter jurisdiction is not based on the merits and does not prevent the plaintiff from bringing suit in a court with proper jurisdiction. *See Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). The burden of proof is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E. D. Tex. 1995), *aff'd*, 102 F.3d 551 (5th Cir. 1996). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

### III. DISCUSSION

Because Plaintiffs' claims arise under Texas law there is no federal question in this case; therefore, diversity is the only possible basis for federal jurisdiction. As noted above, federal district courts have subject matter jurisdiction over actions between citizens of different states where the amount in controversy is greater than $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). When a plaintiff sues multiple defendants in a diversity action, complete diversity among the parties must be present, i.e., no plaintiff may be a citizen of the same state as a defendant. *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806).

Defendants argue the Court lacks subject matter jurisdiction because Plaintiffs and Defendant Thomas Pete Lively ("Lively") are Texas citizens, meaning complete diversity of citizenship does not exist. In Plaintiffs' response, Plaintiffs acknowledge that after conducting the deposition of Lively, "this Court likely lacks subject matter jurisdiction." Dkt. No. 26 at 1. Plaintiffs states they have filed another lawsuit in Arkansas state court against Defendants;

however, "given the extraordinary prior misrepresentations and the ever-changing positions taken by Defendants," Plaintiffs requested the Court abate ruling on Defendants' motion for thirty days or until Defendants had answered in the Arkansas state court. Dkt. No. 26 at 1.

On November 16, 2023, Plaintiffs filed a Status Update, notifying the Court that Defendants were arguing lack of personal and subject matter jurisdiction in the Arkansas state court matter. Dkt. No. 27 at 1. Plaintiffs noted they would be moving for summary determination on Defendants' affirmative defenses in the Arkansas lawsuit and requested the Court hold off on ruling on Defendants' current motion until such time as the Arkansas court rules. *Id*. at 2. Plaintiffs stated they would submit an additional status update at that time. *Id.* Plaintiffs have not filed an additional status update to date.

On January 19, 2024, Defendants filed a Status Report with attached discovery requests and responsive briefing to Plaintiffs' summary judgment motion, all of which were filed in the Arkansas lawsuit. Dkt. No. 28. Defendants assert Lively still lives in Texas and request the Court grant their second amended motion to dismiss this case for lack of subject matter jurisdiction. *Id.* at 2.

Defendants attached an Affidavit of Thomas Pete Lively as Exhibit A to their motion to dismiss. Lively Aff. (Dkt. No. 24-1 at 1-6). According to Lively, he resided in Maryland at the time of the accident; however, in June of 2022, Lively's new probation officer in Bowie County, Texas advised Lively that the new terms of his two-year probation required that Lively live in the Bowie County, Texas area. *Id*., ¶¶ 10, 14-15. Lively states that he has been living in shelters in Texarkana, Texas and at the Salvation Army in Texarkana, Arkansas with the permission of his probation officer since June of 2022. *Id*., ¶¶ 16, 18 (stating that he stayed at Randy Sam's Shelter in Texarkana, Texas for four to five months, but when he could no longer stay there, Lively was

4

given permission by his probation officer to sleep at the Salvation Army in Texarkana, Arkansas). According to Lively, on March 9, 2023 (the date Plaintiffs' complaint was filed), he was living in a rental house in Texarkana, Texas owned by Ralph McDowell. *Id.*, ¶ 19. The rental home was located at 5304 U.S. Highway 59, Texarkana, Texas 75501. *Id.*

As of June 2, 2023, the date of his affidavit, Lively was again staying at the Salvation Army shelter in Texarkana, Arkansas with permission of his probation officer. Lively Aff., ¶ 21. However, Lively states he has a mailing address in Texarkana, Texas and has kept his possessions in a storage unit located in Texarkana, Texas. *Id.*, ¶ 23 ("Since my probation officer required me to move to the Bowie County, Texas area, I have maintained a storage unit at Cube Smart Self Storage, 3115 South Lake Drive, Texarkana Texas 75501."). Lively states he will be residing in the Bowie County, Texas area until he is released from probation; however, he does not know where he will reside after that. *Id.*, ¶ 24.

It is well settled federal-diversity jurisdiction under 28 U.S.C.A. § 1332(a)(1) depends on the citizenship of the parties at the time suit is filed. *Ku v. Austin Convention Condo. Ass'n, Inc.*, No. A-09-CA-758-SS, 2009 WL 10700884, at *2 (W.D. Tex. Dec. 1, 2009) (citing *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003)). If diversity is established at the commencement (and, if appropriate, the removal) of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties. *Ku*, 2009 WL 10700884, at *2 (citing *Smith v. Sperling*, 354 U.S. 91, 93 n. 1 (1957)).

"For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). "In a strict legal sense, the domicile of a person is the place where he has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Shreveport*

5

*Long Leaf Lumber Co. v. Wilson,* 38 F. Supp. 629, 631 (W.D. La. 1941). "A person acquires a 'domicile of origin' at birth, and this domicile is presumed to continue absent sufficient evidence of change." *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003) (quoting *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). The terms "domicile" and "residence" are not synonymous. *Mississippi Farm Bureau Cas. Ins. Co. v. Bell*, 275 F. Supp. 3d 790, 792–93 (S.D. Miss. 2017) (citing *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir. 1980) (citing *Mas*, 489 F.2d at 1399)). "Evidence of a person's place of residence, however, is *prima facie* proof of his domicile." *Mississippi Farm Bureau*, 275 F. Supp. 3d at 793 (quoting *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citations omitted)).

"A person's domicile persists until a new one is acquired or it is clearly abandoned." *Coury*, 85 F.3d at 250 (citations omitted). The presumption in favor of continuing domicile can be overcome by evidence of an individual's residence in a new state and his or her intention to remain in the new state indefinitely. *Mississippi Farm Bureau*, 275 F. Supp. 3d at 793 (citing *Acridge*, 334 F.3d at 448). The mere presence of an individual in a new locale, without any showing of the requisite intent, is insufficient to establish a change in domicile. *Id.*; *see also Welsh v. Am. Sur. Co. of New York*, 186 F.2d 16, 17 (5th Cir. 1951) ("Mere absence from a fixed home, however long continued, cannot work the change.").

In determining a litigant's domicile, the court considers a variety of factors, none of which is determinative. *Coury*, 85 F.3d at 251. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family. *Id*. "A litigant's statement of intent is relevant

6

to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Id.*

Here, subject matter jurisdiction turns on whether Lively was domiciled in Texas (as he alleges) when this lawsuit was filed. In light of the above case law and facts, the Court finds by a preponderance of the evidence that Lively was domiciled in Texas when this lawsuit was filed on March 9, 2023. Plaintiffs concede as much in their response.

According to Lively, at the time of the filing of the complaint, Ralph McDowell allowed Lively to live in his rental home in Texarkana, Texas for a couple of months. Lively Aff., ¶ 19; *see also* Dkt. No. 5 (summons returned executed, showing Lively was served summons at the rental home's Texas address on April 25, 2023). Lively states he has a mailing address in Texarkana, Texas and has kept his possessions in a storage unit located in Texarkana, Texas since his probation officer required him to move to the Bowie County, Texas area in June 2022.[1] *Id.*, ¶ 23. Lively states he will be residing in the Bowie County, Texas area until he is released from probation; however, he does not know where he will reside after that. *Id.*, ¶ 24.

Defendants have therefore shown it is more likely than not that Lively was domiciled in Texas on March 9, 2023, with an intent to remain there until released from probation. Thus, diversity of citizenship did not exist on the date the complaint was filed. The Court recommends Defendants' second amended motion to dismiss for lack of subject matter jurisdiction be granted.

### IV. RECOMMENDATION

Based on the foregoing, it is

---

[1] Lively's amended probation order, attached as Exhibit B to Defendants' motion, includes a requirement that from June 2022 forward, Lively must reside in Bowie County, Texas until he is released from probation. Dkt. No. 24-1 at 9-11.

**RECOMMENDED** that Defendants' Second Amended Motion to Dismiss (Dkt. No. 24) be **GRANTED**. It is further

**RECOMMENDED** that Plaintiffs' above-entitled and numbered cause of action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 8th day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE